IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DALE P. BISHOP,      § | |
|    Plaintiff,     § | |
| v.      § | No. 3:18-cv-1017-N (BT) |
|      § | |
| CIVIC CORE, *Sub-Contractor to*     § | |
| *TDCJ*,      § | |
|    Defendant.     § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Dale Bishop, a Texas prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. The District Court referred the matter to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the magistrate judge recommends that the Court dismiss Plaintiff's complaint under 28 U.S.C. §§ 1915A and 1915(e).

I.

Plaintiff states he is incarcerated in a facility operated by Civic Core— a private prison company that contracts with the Texas Department of Criminal Justice, and that Civic Core is violating his right to be free from second-hand smoke. Although the facility has multiple signs stating that smoking in the facility is prohibited, Plaintiff claims prisoners can smuggle

1

cigarettes into the facility because they are not strip-searched. Plaintiff states he has suffered headaches and sinus problems due to the smoke. He also claims Civic Core retaliated against him for his complaint about the smoke by denying him a free train pass. Plaintiff seeks a restraining order to stop any smoking in the facility, or in the alternative, he seeks a transfer to a different facility.

## II.

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b).

Also, a district court may summarily dismiss a complaint filed *in forma pauperis*, under 28 U.S.C. § 1915(e), if the court concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune

from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

### III.

1.   § 1983

Civic Core is a private prison company. Because it performs a traditional state function of operating a state prison, Civic Core acts under color of state law for purposes of § 1983. *See Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 460 (5th Cir. 2003) (per curiam) ("[A] private entity acts under color of state law when that entity performs a function which is traditionally the exclusive province of the state.").

For Civic Core to be liable under § 1983, Plaintiff must identify a policymaker, an official policy, and a violation of his constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of*

3

*Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978)). Civic Core cannot be held liable under the theory of *respondeat superior*. *Monell*, 436 U.S. at 691.

Here, Plaintiff alleges that although there are multiple signs prohibiting smoking in the facility, Civic Core has a custom of allowing smoking. Plaintiff, however, has failed to identify any Civic Core policymaker who created this alleged policy or custom.

Further, Plaintiff has failed to establish a constitutional violation. A two-prong test is used to determine whether exposure to cigarette smoke violates a prisoner's Eighth Amendment rights. The prisoner must: (1) prove he is "being exposed to unreasonably high levels" of smoke; and (2) show prison officials demonstrated "deliberate indifference" to his situation. *Helling v. McKinney*, 509 U.S. 25, 35-36 (1993). A prison official acts with "deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

The Court sent Plaintiff a Questionnaire asking him about the level of smoke exposure. Plaintiff, however, did not provide any information as to the level of his smoke exposure. Instead, Plaintiff stated:

> When I arrived here, I was put in D-Dorm, it reeks of the smell of cigarettes. (I got here March 6th 2018.) The next morning, I packed my things and went to see anyone in charge. I told Mr. Anderson, move me or send me back to prison. I started coughing March 7, 2018, was able to catch the Parkland van that comes out here. I complained about the smoke and my coughing, was issued cough meds. They helped me very little. Here it is May 9th, so I've been exposed to second hand smoke so far for 64 days now.

(ECF No. 7 at 3.) Plaintiff has failed to allege any facts showing he is being exposed to an unreasonably high level of smoke.

Plaintiff has also failed to show that Civic Core was deliberately indifferent. Plaintiff states that after he complained about the cigarette smoke, he was moved to a different dorm, and that the new dorm "was better" and it "doesn't reek of smoke." (ECF No. 3 at 3.) He appears to allege that cigarettes are only available inside the facility because inmates smuggle them in. Plaintiff also states, "I admit they are trying to stop people from smoking, only it's to (sic) little to (sic) late." (*Id.*) Plaintiff has failed to establish a violation of his Eighth Amendment rights.

2. Retaliation

Petitioner claims Civic Core retaliated against him for complaining about the cigarette smoke by denying him a free train pass. He states that when he tried to obtain a free train pass, he was told that someone in the

front office took him off the list for free passes. He states he was given an application to apply for free train and bus passes.

To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward,* 132 F.3d 225, 231 (5th Cir. 1998). "Causation requires a showing that but for the retaliatory motive the complained of incident . . . would not have occurred." *Id.* (internal quotation marks and citations omitted.) Further, the retaliatory adverse act must be more than *de minimus. Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006).

In this case, Plaintiff failed to allege any facts showing an intent by Civic Core to retaliate against him for complaining about cigarette smoke, or that his name was taken off the list for free bus and train tickets because of his complaint. Plaintiff's conclusory claim should be denied. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

IV.

The Court recommends that Plaintiff's complaint be dismissed under 28 U.S.C. §§ 1915A and 1915(e).

Signed September 19, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).